IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO A. BARRIENTOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:12-cv-4753-O-BN |
| | § | |
| DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Roberto A. Barrientos has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the motion should be construed as an application for habeas corpus relief under 28 U.S.C. § 2254, dismissed in part for lack of subject matter jurisdiction, and dismissed in part without prejudice for failure to exhaust state remedies.

**Background**

On April 27, 2006, Petitioner was convicted of two counts of indecency with a child and was sentenced to four years imprisonment in each case. Petitioner's convictions were affirmed on direct appeal. *See Barrientos v. State*, Nos. 05-06-00675-CR & 05-06-00676-CR, 2007 WL 1492049 (Tex. App. – Dallas, May 23, 2007, pet. ref'd). Petitioner did not seek state habeas relief. He was released from state custody on August 3, 2008. Petitioner was subsequently arrested and tried for failure to register as a sex offender. Petitioner was convicted of that crime on April 24, 2012 and

sentenced to 18 months in state jail. An appeal is currently pending before the Fifth District Court of Appeals of Texas. *See Barrientos v. State*, No. 05-12-00648-CR (Tex. App. – Dallas, filed Apr. 25, 2012).

Petitioner now seeks post-conviction relief on grounds that (1) he is factually and legally innocent of indecency with a child; (2) he was denied his constitutional right to a speedy trial and was wrongfully detained prior to his 2006 convictions; (3) the jury considering his 2006 trial was improperly influenced; and (4) he was wrongfully convicted of failure to register as a sex offender. *See* Dkt. No. 3. On December 3, 2012, the Court sent written interrogatories to Petitioner in order to determine whether he exhausted his state remedies. *See* Dkt. No. 6. Petitioner answered the interrogatories on December 27, 2012. *See* Dkt. No. 7.

## Legal standards

A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Once an individual has been convicted and is confined on authority of the criminal judgment, he may challenge the lawfulness of his conviction and sentence pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *see also, e.g.*, *Williams v. O'Brien*, No. 4:06-cv-834-Y, 2006 WL 3871924, at *1 (N.D. Tex. Dec. 4, 2006), *rec. adopted*, 2007 WL 60487 (N.D. Tex. Jan. 5, 2007); *Branch v. Dretke*, No. 3:03-cv-2607-H, 2004 WL 1877798, at *1 (N.D. Tex. Aug. 20, 2004), *rec. adopted,* 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004). Whether or not the petitioner seeks relief pursuant to Section

2241 or Section 2254, he is required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Dickerson,* 816 F.2d at 225. This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110-11 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Id.*; *see also Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990).

Further, a federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh,* 888 F.2d 336, 337 (5th Cir. 1989). Although a prisoner need not be physically confined to be "in custody" for the purposes of Section 2254, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *see also Hendrix,* 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

## Analysis

To the extent that Petitioner seeks to challenge his April 24, 2012 conviction for failure to register as a sex offender, his claims should be dismissed. According to Petitioner, his direct appeal of that conviction is still pending before the Fifth District Court of Appeals in Dallas County, Texas. *See* Dkt. No. 3 at 4 ¶ 9(a). Petitioner admits that he has not raised the issues asserted in this petition in a state writ of habeas corpus or other state proceeding. *See* Dkt. No. 7 at Question 5. Unless and until Petitioner exhausts his state remedies, he may not seek federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Thomas,* 919 F.2d at 334; *Dickerson,* 816 F.2d at 225.

Petitioner's allegations related to his 2006 convictions for indecency with a child should also be dismissed. It is clear from Petitioner's habeas application and his interrogatory responses that his convictions have fully expired and that he is no longer in custody for those crimes. *See* Dkt. No. 7 at Question 1. Although Petitioner's present confinement for failure to register as a sex offender would not have been possible without the underlying indecency convictions, that fact is insufficient to provide subject matter jurisdiction over his challenge to the 2006 convictions. *See Tello v. Thaler*, No. 3:12-cv-3716-L-BH, 2012 WL 4932172, at *1-*2 (N.D. Tex. Sept. 14, 2012), *rec. adopted*, 2012 WL 4930085 (N.D. Tex. Oct. 17, 2012) (interpreting *Maleng* to bar habeas challenge to expired child pornography convictions despite continuing obligation to register as a sex offender). Accordingly, the Court does not have subject matter jurisdiction to consider a challenge to Petitioner's expired 2006 sentences.

**Recommendation**

Petitioner's 28 U.S.C. § 2241 application should be construed as an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The case should be dismissed in part without prejudice for failure to exhaust state remedies and dismissed in part with prejudice because he is no longer in custody for his 2006 indecency with a child convictions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 18, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE